The opinion qf the court was delivered by
Fenner, J.
The decedent, P. J. Boudreaux, left two sets of minors, beneficiary heirs, viz: (1) A son by his first marriage represented by his grandmother and legal tutrix; (2) three children of the second marriage represented by’their mother and natural tutrix, the surviving widow.
' The case presents a contest between the two tutrices for the administration of his succession. ■'
The judge a quo decided in favor of the tutrix of the elder minor, whom he appointed as administratrix, from which judgment the other tutrix appeals. ''•••■
The appellant assigns error on two grounds:
’ 1. -That the legal tutrix' being a woman and only a grandmother,’ is not capable under the law to fill the ’office of administrator.
• 2c That, if both were capable, the judge erred in'not giving the-preference to appellant. ' ■ ■
I.
‘ Art." 25 of the'Code provides that"“ Women can not be appointed’ to any public office nor perform any civil functions “excejpt .those' which the law specially declares them capable of performing.”
Art. 302 specially declares the mother and grandmother of minors to ,be capable of being appointed as.theif’ tutrices.
^.rt, 1042 declares, that.“ip the choice .of administrators, .the preference should be given to the beneficiary heir oyer every "other per-, son, if he"be of age and "present in the State.”
*298 Art. 1044 provides that “if all the beneficiary heirs be minors, their tutors can claim the preference for the administration and it shall be given them, under the charge of their being personally responsible for their acts of administration, etc.”
It is not necessary to refer to Art. 3556 of the Code, which says: i “The masculine gender comprehends the both sexes, whenever the provision is not one which is evidently made for one of them only.”
The use of the term tutrix to distinguish a female from a male tutor is conventional. The terminology of the Code recognizes no such distinction of sex in tutorship. A tutor is a tutor whether the person be man or woman. Although, in some articles, the Code refers to a female tutor as a tutrix, yet in all the articles prescribing the nature, powers and duties of tutorship, it uses simply the terms, tutor and tutor-ship, and those provisions, of course, apply equally to female as to male tutors.
So when the law gives to tutors of beneficiary heirs the right and preference to be appointed administrators it embraces any tutor, male or female. Indeed it is obvious that the preference is given out of consideration to the rights and interests of the beneficiary heirs themselves, and is given to their legal representatives only, because, owing to their minority, the heirs are not capable of exercising it.
Our jurisprudence has constantly recognized the right of female tutors of beneficiary heirs to be appointed administrators, and even their right to administer, without such appointment, in the interest of the heirs whom she represents, when creditors do not object. Succession of Forstall, 39 An. 1052; Succession of Gusman, 36 An. 299; Succession of Delerno, 34 An. 40; Succession of Penney, 10 An. 290; Succession of McKinley, 4 An. 25.
The fact that, in some of the cases quoted, the applicant was married and that the husband, as her curator, joined in the application, ■ does not affect the principle.
We therefore hold that the tutrix who received the appointment was fully capable.
II.
In selecting which of the two applicants should be appointed, the judge was invested with a legal discretion which should not be interfered with unless manifestly misused.
*299 The Code, Art. 1043, provides: “ If there be two or more beneficiary heirs of age and present in the State, the judge shall select one or two whom he shall consider the most solid, for the administration of the succession.”
The same rule is evidently applicable to the case where different tutors of beneficiary heirs apply.
We have held that in such a contest “ a large discretion is vested in the judge who makes the appointment, and unless manifestly wrong, his conclusion will not be disturbed.” Succession of Chaler, 39 An. 308.
It does not appear that the appellant is more “ solid ” than the appointee, or that the latter is in any way deficient in solidity or in any qualification for the administration. The judge has evidently exercised careful consideration in the matter and we discover no good reason for disturbing his decision.
Judgment affirmed.